THE AMERICAN - HUNGARIAN PUBLISHING COMPANY, Respondent, *v.* MILES BROTHERS, Appellant.

(Supreme Court, Appellate Term, July, 1910.)

Damages — Particular contracts and relations — Miscellaneous contracts — Contract to produce moving picture display.

For failure to perform his contract by one who agreed to produce a moving picture display at which plaintiff intended to distribute a special edition of its newspaper to the crowd assembled, the plaintiff is entitled to recover damages for the value of the display as an advertising scheme and also to profits on the special edition; but it would not be entitled to the costs incurred in the preparation for the display and the special edition and, in addition, to the net receipts for advertising which were insufficient to defray the cost of the special edition.

REARGUMENT of an appeal by the defendant from a judgment of the City Court of the city of New York, entered upon a verdict rendered in favor of the plaintiff and from an order denying a motion for a new trial.

McDonald & Bostwick, for appellant.

Morris Cukor, for respondent.

LEHMAN, J.  Since the verdict of the jury has determined all disputed questions of fact in favor of the plaintiff,

we are bound to hold, for the purposes of this appeal, that the defendant agreed to furnish suitable paraphernalia and a competent operator for displaying moving pictures, election returns and advertisements on election night; that the parties contemplated that this display was part of a general advertising scheme of the plaintiff; that it expected to collect a large number of Hungarians in front of its building to whom it would distribute free of charge a special election night edition and secure advertisements upon which it should have made a profit of $300. The defendant broke its contract; the display was not held; the crowd that had collected melted away, and the plaintiff could not distribute its special edition printed in Hungarian to the crowd.

The trial justice correctly charged the jury that, regardless of the amount of the consideration paid by the plaintiff for the defendant's undertaking, it is entitled to recover all damages resulting from its breach within the contemplation of the parties. The items of damage shown on the trial fall into three classes: The cost of preparing and advertising the display amounted to $161; the cost of preparing the special edition was $235.80; the loss on advertising contracts was $300, or a total of $696.80. As far as this record shows, the plaintiff claims that a clever advertising scheme has been rendered abortive by the defendant's breach of contract. Accurate proof of the value of the advertising which it would have derived if the scheme had not failed is impossible; but, under the peculiar circumstances of the case, proof of the expenses of the plaintiff in preparing and advertising the display and preparing the special edition was properly admitted, and these expenses form a proper element of damage. The loss of profit on the contracts for advertising to be inserted in the special edition was not a proper element of damages. These contracts were dependent upon the display and the special edition. The cost of preparation was necessary to procure these contracts; and the price of these contracts would, if received, have reduced this cost to the plaintiff. The plaintiff on proper proof would be entitled to damages for the value of the display as an advertising scheme and also to the profits

on the special edition, but it would not be entitled to the costs incurred in the preparation of the display and the special edition and to the profits of the edition without deducting the cost.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the judgment to the sum of $396.80 and costs; and, if so reduced, the judgment should be affirmed, without costs upon this appeal.

Giegerich, J., concurs; Goff, J., concurs in result.

Judgment reversed and new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce judgment to $396.80 and costs; and, if so reduced, judgment affirmed, without costs upon this appeal.